UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**ARROW COMMUNICATION LABORATORIES, INC.,
and TRESNESS IRREVOCABLE PATENT TRUST,**

           **Plaintiffs,**

     **v.**             **5:05-CV-1456 (Lead Case)**

**JOHN MEZZALINGUA ASSOCIATES, INC.,**

           **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JOHN MEZZALINGUA ASSOCIATES, INC.,**

           **Counterclaim Plaintiff,**

     **v.**             **5:05-CV-703  (Member Case)**

**ARROW COMMUNICATION LABORATORIES, INC.,
and TRESNESS IRREVOCABLE PATENT TRUST,**

           **Counterclaim Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

| APPEARANCES: | OF COUNSEL |
|---|---|
| RADER FISHMAN & GRAUER PLLC | Glenn E. Forbis, Esq. |
| 39533 Woodward Avenue, Suite 140 | R. Terrance Rader, Esq. |
| Bloomfield Hills, Michigan 48304 | Shelly L. Hokenstad, Esq. |
| and | |
| RADER FISHMAN & GRAUER PLLC | Charles W. Bradley, Esq. |
| 33 Mount Green Rd. | |
| Croton-On-Hudson, New York 10520 | |
| Attorneys for Arrow Communication Laboratories, | |
| Inc. and Tresness Irrevocable Patent Trust | |
| | |
| WALL, MARJAMA & BILINSKI LLP | James R. Muldoon, Esq. |
| 101 South Salina St. Suite 400 | Denis J. Sullivan, Esq. |
| Syracuse, New York 13202 | |
| Attorneys for John Mezzalingua Associates, Inc. | |

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

**BACKGROUND**

Presently before the Court are two motions, pursuant to Fed. R. Civ. P. 12(b)(6), by John Mezzalingua Associates, Inc., doing business as PPC ("PPC").  PPC seeks dismissal of certain claims asserted by Arrow Communication Laboratories, Inc. ("Arcom") and Tresness Irrevocable Patent Trust ("Tresness") (collectively, the "Arcom parties") relative to two patents in dispute in these consolidated actions[1]: U.S. Patent No. 5,745,838 ("838 patent") and U.S. Patent No. 6,737,935 ("935 patent").

In addressing the dismissal motions under Fed. R. Civ. P. 12(b)(6), the Court accepts as true the factual allegations of the pertinent pleadings and draws all inferences in favor of the Arcom parties.  *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Dismissal is proper only if it appears beyond doubt that the Arcom parties can prove no set of facts which would entitle them to relief.  *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). Ordinarily, dismissal is without prejudice; however, upon a determination that amendment would be futile, the Court in its discretion may dismiss with prejudice.  *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962).

**DISCUSSION**

**First Motion: Arcom Parties' State Law Claims Regarding 838 Patent**

Arcom's amended complaint and Tresness' amended counterclaim (05-CV-1456, Dkt. Nos. 46, 47)[2] assert that Arcom is the owner of the 838 patent, entitled "Return Path Filter," and

---

[1] For purposes of these motions, all references herein are to the lead case, 05-CV-1456, in which both the 838 and the 935 patents are in dispute.  The member case, 05-CV-703, also asserts claims relative to the 838 patent. On the present motions, it is not necessary to treat the claims in the member case separately from those in the lead case.

[2] The amended pleadings of Arcom (05-CV-1456, Dkt. No. 46) and Tresness (05-CV-1456, Dkt. No. 47) aver that Tresness owned the 838 and 343 patents; that it assigned all of its interests

that PPC is infringing said patent by manufacturing, selling, and importing electronic filters covered by one or more of the claims of the 838 patent and by actively inducing others to infringe the patent. In addition to claims based on federal patent law, the Arcom parties assert state law claims sounding in breach of contract, fraud, and unjust enrichment in relation to the 838 patent. In the first of the two motions currently before the Court (05-CV-1456, Dkt. Nos. 54, 66)[3], PPC seeks dismissal of the three state law claims. The Arcom parties oppose the motion (05-CV-1456, Dkt. No. 73) and PPC replies (05-CV-1456, Dkt. No. 80).

*Breach of Contract*

The first state law claim in issue sounds in breach of contract. Arcom claims that in 1998 Tresness notified PPC that PPC's step attenuators infringed the 838 patent, and that Tresness and PPC entered into a Settlement Agreement dated February 12, 2001, in which PPC agreed:

> For the remaining term of the '838 Patent, PPC and its subsidiaries and divisions, their respective successors and assigns, shall not manufacture, use, offer to sell, advertise for sale, or sell, in the United States, its territories and possessions, and shall not import into the United States, its territories and possessions, TSA Step Attenuators or any other filter circuit that falls within the protection of the '838 Patent.

Arcom claims that it is the assignee of Tresness' interest in the Settlement Agreement. Arcom further claims that, since entering into the Settlement Agreement, PPC has manufactured, sold, and offered to sell Step Attenuator filter circuits that fall within the protection of the 838 patent,

---

therein to Arcom; and that it also assigned to Arcom all of its rights in the February 12, 2001 Settlement Agreement with PPC concerning the 838 patent. Apart from the specifics regarding the assignments, these two amended pleadings are virtually identical. For simplicity in discussing the issues, the Court refers only to the claims in Arcom's amended complaint.

[3] PPC initially made the motion (05-CV-1456, Dkt. No. 54) while the case was pending in the District Court of Delaware; it later supplemented the motion (05-CV-1456, Dkt. No. 66) after the case was transferred to this Court.

thereby breaching the Settlement Agreement.

It does not appear beyond doubt that the Arcom parties can prove no set of facts which would entitle them to relief based on the Settlement Agreement. Dismissal of this claim is denied.

*Fraud*

Arcom's second state law cause of action sounds in fraud. Arcom avers as follows:

> In connection with entering into the Settlement Agreement, Defendant [PPC] or its predecessor represented to Counterclaimant [Tresness] that it would not manufacture, use, offer to sell, advertise for sale, or sell any filter circuit that falls within the protection of the '838 Patent.
>
> Upon information and belief, Defendant's (or its predecessor's) dealings under the Settlement Agreement ... were in bad faith and with concealment of the fact that Defendant (or its predecessor) planned to and did, resume manufacturing and selling filter circuits that fall within the protection of the '838 Patent.
>
> Further, subsequent to February 12, 2001, Defendant (or its predecessor) repeatedly represented to Counterclaimant and Arcom that Defendant (or its predecessor) was not manufacturing or selling filter circuits that fall within the protection of the '838 Patent, knowing this to be false.
>
> Upon information and belief, Defendant's (or its predecessor's) representations ... were made in bad faith and with knowledge that they were false, as Defendant (or its predecessor) thereafter resumed manufacturing and selling filter circuits that fell within the protection of the '838 Patent and thereby misappropriated the property of the Counterclaimant Tresness Patent Trust.
>
> As a result, Defendant (or its predecessor) fraudulently misled Counterclaimant and Arcom with respect to the nature of PPC's filter circuit devices for several years subsequent to February 12, 2001, while benefitting commercially at the expense of Counterclaimant Tresness Trust.

(Paragraph numbering omitted.)

The Court agrees with PPC that the fraud claim is not pleaded with requisite particularity. There is no basis to conclude that amendment would be futile; thus, the claim is dismissed

without prejudice.[4]

*Unjust Enrichment*

The third state law cause of action in Arcom's amended complaint is for unjust enrichment. Arcom claims that, as a result of its conduct, PPC

> has been unjustly enriched, in that it has established a position and reputation as a supplier of step attenuators for the CATV field and has gained a substantial market share with respect to such step attenuators, and, as a result thereof, has unlawfully generated substantial profits for itself. Thus, [PPC] has received a benefit, the retention of which would be unjust, without paying restitution to ... [Tresness and Arcom].

Arcom seeks injunctive relief and money damages, including treble damages and attorney's fees.

While the complaint does not clearly articulate a basis for recovery under the theory of unjust enrichment as distinguished from the theory of patent infringement, it cannot be said that it appears beyond doubt that the Arcom parties can prove no set of facts which would entitle them to relief on this claim. Dismissal is denied.

**Second Motion: State Law Claims Asserted by Arcom Parties Regarding 935 Patent**

The second motion concerns the 935 patent. In its answer (05-CV-1456, Dkt. No. 48), PPC asserted a counterclaim (denominated "second counterclaim") for infringement of the 935 patent. The Arcom parties' responding pleading (05-CV-1456, Dkt. No. 59) asserted counterclaims with respect to the 935 patent based on federal patent law and state law. The state law counterclaims sound in fraudulent concealment, unjust enrichment, and damages. Presently before the Court is PPC's motion (05-CV-1456, Dkt. No. 68) to dismiss the fraudulent concealment and damages counterclaims. The Arcom parties oppose the motion (05-CV-1456,

---

[4] The Arcom parties agreed to dismiss their fraud and unjust enrichment counts without prejudice, but PPC sought dismissal with prejudice.

Dkt. No. 72), and PPC replies (05-CV-1456, Dkt. No. 78).

*Fraudulent Concealment*

In setting forth the fraudulent concealment cause of action, the Arcom parties allege:

> Steven Shafer, the listed inventor of the '935 patent, was employed by Arcom between approximately October 18, 1999 and April 21, 2001.
>
> Mr. Shafer was employed by Arcom as an electrical engineer to design filter circuits for use in CATV systems. Mr. Shafer was assigned by Arcom to work on technology such as that disclosed and claimed in the '935 patent.
>
> Mr. Shafer's work on the subject matter disclosed and claimed in the '935 patent occurred during the time that he was employed by Arcom and assigned to work on such subject matter by Arcom.
>
> Subsequent to Mr. Shafer no longer being employed by Arcom, PPC or Mr. Shafer, unbeknownst to Arcom, filed a United States patent application that ultimately issued as the '935 patent.
>
> Mr. Shafer worked on the subject matter claimed in the '935 patent in the ordinary course of his employment with Arcom, during normal working hours, on the premises of Arcom and using and employing other resources of Arcom, including but not limited to technical assistance by other Arcom personnel.
> \*\*\*
> While employed by Arcom, Mr. Shafer was obligated to assign intellectual property rights, including rights in United States patents and patent applications, for inventions developed by Mr. Shafer during his employment to Arcom.
> \*\*\*
> Martin Zelenz, an employee of Arcom, and other employees of Arcom worked with Mr. Shafer on the subject matter claimed in the '935 patent during Mr. Shafer's time of employment with Arcom.
>
> Mr. Zelenz is either the proper sole inventor or at least co-inventor of the subject matter disclosed and claimed in the '935 patent.
>
> Mr. Zelenz, Mr. Shafer, and other employees of Arcom, were obligated to assign intellectual property rights, including rights in United States patents and patent applications, for inventions that they developed during their respective employments at Arcom.
> \*\*\*
> Mr. Shafer and PPC intentionally, and with intent to deceive Arcom, withheld information from Arcom relating to the fact that PPC or Mr. Shafer was preparing

> to file and did file the patent application that ultimately issued as the '935 patent.
>
> Mr. Shafer's and PPC's actions constitute fraudulent concealment of the patent application that ultimately issued as the '935 patent.

(Paragraph numbering omitted.)

The Court agrees with PPC that, as pleaded, the fraudulent concealment counterclaim does not state a claim because it does not allege a ground for imposing on PPC a duty to disclose its patent application to the Arcom parties. There is no basis to conclude that amendment would be futile, and the count is dismissed without prejudice.

*Damages*

The Arcom parties' responding pleading (05-CV-1456, Dkt. No. 59) further asserts a separate counterclaim for damages stemming from PPC's alleged fraudulent concealment and unjust enrichment. This counterclaim states:

> As a result of PPC's conduct as alleged hereinabove, Arcom has been deprived of revenue that it would have otherwise been entitled to, at least in the form of royalty payments from PPC and others practicing the technology claimed in the '935 patent.
>
> Arcom is entitled to receive damages from PPC to compensate Arcom for the above-described lost revenue.

(Paragraph numbering omitted.) There is no basis to dismiss with prejudice this theory of damages at this point. In amending their pleadings, however, the Arcom parties should incorporate into each substantive claim the theory of damages based thereon. Accordingly, the damages counterclaim is dismissed without prejudice.

## CONCLUSION

It is therefore

ORDERED that the motion by John Mezzalingua Associates, Inc. ("PPC") (05-CV-1456,

Dkt. Nos. 54, 66) to dismiss the state law counterclaims asserted by Arrow Communication Laboratories, Inc. and Tresness Irrevocable Patent Trust (05-CV-1456, Dkt. Nos. 46, 47) is granted to the extent that the fraud counterclaim is dismissed without prejudice; and the motion is otherwise denied; and it is further

ORDERED that the motion by John Mezzalingua Associates, Inc. ("PPC") (05-CV-1456, Dkt. No. 68) to dismiss the state law counterclaims asserted by Arrow Communication Laboratories, Inc. and Tresness Irrevocable Patent Trust (05-CV-1456, Dkt. No. 59) is granted to the extent that the fraudulent concealment and damages counterclaims are dismissed without prejudice; and the motion is otherwise denied.

IT IS SO ORDERED.

November 28, 2006
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge