IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

ARROW COMMUNICATION LABORATORIES,
INC., and TRESNESS IRREVOCABLE
PATOM TRUST,

                                                        Civil Action No.
                                                        5:05-CV-1456 (NAM/DEP)
            Plaintiffs,                (Lead Case)
    v.

JOHN MEZZALINGUA ASSOCIATES, INC.,

           Defendant.

----------------------------------------------------------------

JOHN MEZZALINGUA ASSOCIATES, INC.,

            Counterclaim Plaintiff,    Civil Action No.
                                                         5:05-CV-703 (NAM/DEP)
    v.                                                        (Member Case)

ARROW COMMUNICATION LABORATORIES,
INC., and TRESNESS IRREVOCABLE
PATENT TRUST,

            Counterclaim Defendants.

----------------------------------------------------------------

APPEARANCES:                       OF COUNSEL:

FOR JOHN MEZZALINGUA
ASSOCIATES, INC.:

WALL, MARJAMA LAW FIRM        JAMES R. MULDOON, ESQ.
250 South Clinton Street            DENIS J. SULLIVAN, ESQ.
Suite 300
Syracuse, New York 13202

FOR ARCOM AND TRESNESS
IRREVOCABLE PATENT TRUST:

| | |
|---|---|
| RADER FISHMAN LAW FIRM<br>33 Mount Green Rd.<br>Croton-On-Hudson, NY 10520 | GLENN E. FORBIS, ESQ.<br>CHARLES W. BRADLEY, ESQ.<br>SHELLY L. HOKENSTAD, ESQ. |

NON-PARTY EAGLE COMTRONICS,
INC.

| | |
|---|---|
| MACKENZIE, HUGHES, LLP<br>101 S. Salina St.<br>P.O. Box 4967<br>Syracuse, NY 13221 | STEPHEN T. HELMER, ESQ.<br>NANCY PONTIUS, ESQ. |
| BURR & BROWN<br>101 S. Salina St.<br>7th Floor<br>Syracuse, NY 13202 | STEPHEN P. BURR, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending before the court in connection with these actions are various discovery disputes which have been the subject of cross-motions filed by plaintiffs/counterclaim defendants Arrow Communications Laboratories, Inc., and Tresness Irrevocable Patent Trust (collectively, "ARCOM"), and defendant/counterclaim plaintiff John Mezzalingua Associates, Inc. d/b/a PPC ("PPC"), as well as non-party Eagle Comtronics, Inc. ("Eagle"). Oral argument was conducted in connection with those cross-motions on May 16, 2007, at which time the court issued

a verbal, bench decision addressing the various motions.  Based upon the court's decision rendered from the bench on May 16, 2007, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1)   ARCOM's motion for an order enforcing a subpoena issued on or about March 5, 2007 by it to Eagle requesting the production of documents (Dkt. No. 158) is DENIED, and Eagle's cross-motion for a protective order in connection with that subpoena, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Dkt. No. 169), is GRANTED.

2)   ARCOM's motion for an order compelling non-party witnesses Arlen Olsen, Esq. and Jonathan Madsen, Esq. to appear for deposition pursuant to a subpoena served on or about March 29, 2007, and for an order extending the deadline for completion of fact discovery in the case to permit those depositions to be taken (Dkt. No. 159) is DENIED.

3)   ARCOM's motion for an order compelling PPC to answer request for admissions nos. 101-128 (Dkt. No. 159) is DENIED.

4)   PPC's motion to compel discovery and require the production by ARCOM of documents (Dkt. Nos. 160-161) is GRANTED in part, and otherwise DENIED, as set forth below.

5)   On or before June 15, 2007, ARCOM shall produce to PPC all documents within its possession, custody, or control falling within the

3

following categories:

  a) All documents, whether maintained electronically and/or in hard copy, including though not limited to those maintained by ARCOM within its Macola database, related to the sale by ARCOM of step attenuators between January of 1996 and June 30, 1996.

  b) All communications between January 1, 1996 and March 31, 1996, including though not limited to facsimile transmissions, and documents reflecting such communications, between ARCOM and representatives of AT&T, Charter Communications, Continental Cablevision, Cox Communications, General Instrument, The Helicon Group, Oceanic Cable, Paragon Cable, Paragon Communication Elmira, TCI, Time Warner Cable, Videotron, and/or Worldwide Cable Suppliers, Inc.

  c) All documents reflecting the sale or offer for sale by ARCOM of step attenuators identified, under any category, including though not limited to LSA, HPA, LPA, SA, RSA, MESA, ARSA, between January 1, 1996 and March 14, 1996.

 6) On or before June 15, 2007, ARCOM shall file with the court, with proof of service upon PPC, an affidavit from someone of authority at ARCOM knowledgeable in the steps undertaken by that party to comply with this order, specifically describing the search conducted, the

documents searched, and the results of that search. Accompanying that affidavit shall be a document signed by one or more of ARCOM's counsel of record in this case certifying, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that based upon representations received from the client and believed to be truthful, complete and in good faith, ARCOM has complied with this order.

    7)    No costs or attorneys' fees are awarded to any party with regard to the discovery disputes addressed in this order.

Dated:    May 22, 2007
              Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge