UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**ARROW COMMUNICATION LABORATORIES, INC.,
and TRESNESS IRREVOCABLE PATENT TRUST,**

                         **Plaintiffs and Counterclaim
                         Defendants,**

            v.                         **5:05-CV-1456 (Lead Case)
                                               5:05-CV-703  (Member Case)**

**JOHN MEZZALINGUA ASSOCIATES, INC.,**

                         **Defendant and Counterclaim
                         Plaintiff.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

RADER FISHMAN & GRAUER PLLC
Charles W. Bradley, Esq., of counsel
800 Palisades Avenue
Fort Lee, New Jersey 07024
and
Glenn E. Forbis, Esq., of Counsel
R. Terrance Rader, Esq., of Counsel
Shelly L. Hokenstad, Esq., of Counsel
39533 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Attorneys for Arrow Communication Laboratories,
Inc. and Tresness Irrevocable Patent Trust

WALL, MARJAMA & BILINSKI LLP
James R. Muldoon, Esq., of Counsel
Denis J. Sullivan, Esq., of Counsel
250 Clinton Street, Suite 300
Syracuse, New York 13202
Attorneys for John Mezzalingua Associates, Inc.

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

These consolidated actions concern three patents for inventions relating to electronic

filters utilized in the cable television industry. The patented technology is designed to operate in a system commonly referred to as a community antenna television network. Two patents – U.S. Patents Nos. 5,745,838 ("838 patent") and 6,674,343 ("343 patent") – were issued to plaintiff and counterclaim defendant Tresness Irrevocable Patent Trust and are owned by its parent company, plaintiff and counterclaim defendant Arrow Communication Laboratories, Inc. ("Arcom"). The third, U.S. Patent No. 6,737,935 ("935 patent"), is held by defendant and counterclaim plaintiff John Mezzalingua Associates, Inc., d/b/a/ PPC ("PPC"). On August 31, 2007, PPC moved (Dkt. No. 192) for construction of patent claim terms. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed.Cir. 1995), *aff'd* 517 U.S. 370, 388-89 (1996). This Court referred the motion to United States Magistrate Judge David E. Peebles for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).

On May 16, 2008, Magistrate Judge Peebles issued a learned and thorough Report and Recommendation (Dkt. No. 212). Arcom and PPC filed objections to certain aspects thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a Report and Recommendation to which a party specifically objects. Failure to object to any portion of a Report and Recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

This Court adopts Magistrate Judge Peebles' excellent summary of the patents, the claim construction issues, and the law applicable to patent construction. The parties submitted jointly-proposed constructions of certain terms, and the Court accepts Magistrate Judge Peebles'

recommendation that these constructions be adopted.[1]  Thus, this Memorandum-Decision and Order addresses only the recommended claims constructions to which the parties have objected.

## DISCUSSION

**Arcom's 838 Patent**

Arcom alleges PPC infringed claims 12, 15, and 39 of the 838 patent.  Magistrate Judge Peebles discusses the disputed terms and sets forth recommended constructions thereof.  Arcom raises no objection to any of the recommended constructions.  PPC objects only to the recommended construction of the term "passive attenuator network/circuit," which is briefly discussed below.  The Court adopts all other recommended constructions.

*Passive Attenuator Network/Circuit*

PPC objects only to Magistrate Judge Peebles' proposed construction of the term "passive attenuator network/circuit" as meaning "a network/circuit of non-powered components that together have the effect of reducing or attenuating the level or strength of signals."  PPC contends that the term should be construed to include the added requirement that the network/circuit be "resistive."  Thus, PPC argues, the construction should read: "a **resistive** network/circuit of non-powered components that together have the effect of reducing or attenuating the level or strength of signals."

Upon *de novo* review, the Court agrees with Magistrate Judge Peebles' reasoning and his conclusion that the patent claims do not limit the passive attenuator network/circuit to a resistive network/circuit.  The Court notes that PPC's argument finds no support in the claims themselves.

---

[1] PPC points out that the Report and Recommendation appears to contain a typographical error in reciting the agreed-upon construction of "return path," and asks the Court to correct it.  The proposed construction of "return path" on page 79 of the Report and Recommendation is hereby corrected to read as follows: "a range of frequencies used for transmission of signals from a user unit to a centralized unit in a two-way communication system."

Rather, application of the doctrine of claim differentiation supports the conclusion that the independent Claim 12 does not include the "resistive" element; this limitation is added in the dependent Claim 15.  *See generally RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1263-64 (Fed.Cir. 2003).  Nor do the specification or prosecution history support the conclusion that the claimed invention is limited to one including a resistive element.  PPC's arguments based on the specification lack merit for the reasons set forth by Magistrate Judge Peebles, and transgress the fundamental rule of construction that, although "the claims must be read in view of the specification, ... limitations from the specification are not to be read into the claims." *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1326 (Fed.Cir. 2002) (citations omitted). The Report and Recommendation is accepted and adopted in this respect, and the Court holds that the term "passive attenuator network/circuit" means "a network/circuit of non-powered components that together have the effect of reducing or attenuating the level or strength of signals."

**Arcom's 343 Patent**

As with the 838 patent, the Court adopts those of Magistrate Judge Peebles' constructions to which no objection is interposed.  PPC objects to Magistrate Judge Peebles' recommended construction of the term "insulator member."  Arcom objects to his recommended construction of the terms "bore" and "through."

*Insulator Member*

PPC objects to Magistrate Judge Peebles' recommended construction of the term "insulator member" as: "A single piece of material surrounding all or a portion of the conductor in the female connector passageway that inhibits or prevents the flow of electricity between the

conductor and the female connector."[2]   Instead, PPC proposes the following construction: "A single piece of material surrounding all or **all but an insubstantial** portion of the conductor in the female connector passageway that inhibits or prevents the flow of electricity between the conductor and the female connector."

On reading the disputed term in the context of claims 23 and 25 themselves and in the context of the entire patent, the Court finds no support for the addition of the limitation propounded by PPC.  Further, upon review of the prosecution history of the patent, the Court rejects PPC's argument that Arcom disowned or relinquished an insulator member that surrounds less than "all or all but an insubstantial portion of the conductor in the female connector passageway."  Nor are PPC's other arguments persuasive.  On *de novo* review, the Court adopts Magistrate Judge Peebles' recommended construction of the term "insulator member."

### *Bore*

Arcom objects to Magistrate Judge Peebles' recommended construction of the term "bore" as "a generally cylindrical hole made by or as if by boring through the use of a rotary instrument."  Arcom does not contend that the construction is technically incorrect; rather, it contends that a lay jury may find it confusing and may believe that the use of a rotary instrument is required.  Arcom requests the construction be modified to read "a generally cylindrical hole," or, in the alternative, "a generally cylindrical hole, which could be made by various methods, including by a rotary instrument or by molding."  Upon *de novo* review, the Court adopts Magistrate Judge Peebles' recommended construction.

### *Through*

---

[2] Although Arcom argued before Magistrate Judge Peebles that the term "insulator member" should not be limited to a <u>single</u> piece of material, Arcom does not object to his recommendation that it be so limited.

Arcom objects to Magistrate Judge Peebles' recommended construction of the term "through" as used in Claims 23 and 25 to describe the bore through the insulator member and the conductor extending through the bore. Magistrate Judge Peebles recommends that the term "through" in these contexts be construed as "traversing an element from one end to the other." Arcom argues that it should be construed as "traversing an element partially or completely."

As noted by Magistrate Judge Peebles, modifiers to the term "through" are used in the claims when something less than complete traversal of an element is intended. For example, Claim 23 claims an insulator member "extending **through at least a portion** of the passageway of the female connector" (emphasis added). And Claims 15 and 18 claim an insulator member extending "**through substantially the entire length** of the female connector" (emphasis added). Thus, Magistrate Judge Peebles' recommended construction is supported by the general principle that a claim term "should be construed consistently with its appearance in other places in the same claim or in other claims of the same patent." *Rexnord Corp. v. Laitram Corp*., 274 F.3d 1336, 1342 (Fed.Cir. 2001).

Arcom's other arguments are not persuasive. In particular, the Court agrees with Magistrate Judge Peebles' rejection of Arcom's contention that the recommended construction excludes the preferred embodiment. On *de novo* review, the Court adopts Magistrate Judge Peebles' recommended construction.

**PPC's 935 Patent**

PPC interposes no objections to Magistrate Judge Peebles' recommended constructions. Arcom challenges Magistrate Judge Peebles' reasoning underlying his recommended construction of the term "diplexer," although it does not object to the recommended construction itself. The Court adopts all recommended constructions. Arcom also asks the Court to construe four terms

that Magistrate Judge Peebles recommended not be construed.

### *Diplexer*

Neither party objects to Magistrate Judge Peebles' recommended construction of "diplexer" as "a device which separates or combines RF signals."  Arcom objects to an aspect of Magistrate Judge Peebles' reasoning in arriving at that recommended construction.  The objected-to statements in Magistrate Judge Peebles' analysis appear in the context of addressing Arcom's contention that "a node could itself constitute a diplexer."  Arcom does not object to Magistrate Judge Peebles' rejection of the contention that "a node could itself constitute a diplexer," and the Court does not read Magistrate Judge Peebles' analysis as improperly expanding the patent claims to cover "some undisclosed additional components separately associated with the diplexer," as Arcom contends.  The Court finds no error in this or any other aspect of Magistrate Judge Peebles' reasoning on this issue.

### "*First filter means*" *and* "*second filter means*"

Arcom seeks construction of the terms "first filter means"and "second filter means" found in Claim 14 of the 935 patent.  Magistrate Judge Peebles recommends that the Court decline to construe the terms on the ground that PPC withdrew assertion of Claim 14 and therefore there is no justiciable controversy regarding the terms therein.  Arcom objects.

Once a party is actually charged with infringement of a patent, there is "necessarily" a case or controversy adequate to support jurisdiction over a complaint or counterclaim for declarations of invalidity, unenforceabililty, and/or non-infringement. *Benitec Australia, Ltd. v. Nucleonics, Inc*., 495 F.3d 1340, 1345 (Fed.Cir. 2007), *cert. denied*, *Nucleonics, Inc. v. Benitec Australia, Ltd.*, 128 S.Ct. 2055 (2008) (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993)).  And a court is "entitled to presume, absent further information, that jurisdiction

continues." *Cardinal*, 508 U.S. at 98. The Federal Circuit found "further information" sufficient to eliminate an existing justiciable controversy where the patent holder "covenant[ed] and promise[d] not to sue [the accused infringer] for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered[.]" *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343, 1347-48 (Fed.Cir. 2007), *cert. denied*, *Nucleonics, Inc. v. Benitec Australia, Ltd.*, 128 S.Ct. 2055 (2008); *compare SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1382-83 (Fed.Cir. 2007) (finding patent holder's statement that it "has absolutely no plan whatsoever to sue" the alleged infringer insufficient to eliminate justiciable controversy).[3]

The pleadings in the instant case present a justiciable controversy regarding validity and infringement of the entire 935 patent. PPC's pleadings allege that Arcom "has been and still is infringing one or more of the claims of the '935 patent by importing into the United States, using, selling and offering for sale diplex circuit forming bandstop filters that are covered by at least one claim of the '935 patent." In its responsive pleading, Arcom asserts that "each and every claim of the '935 patent is invalid," and that Arcom "has [not] infringed any valid claim of the '935 patent." In its reply pleading, PPC requests a judgment "[d]eclaring that the claims of the '935 patent are valid and infringed by Arcom" and "[e]njoining Arcom from further infringement of the '935 patent[.]"

PPC contends, however, that there is no longer a justiciable controversy regarding Claim 14 of the 935 patent. Specifically, PPC states in its *Markman* brief: "The claim elements ... 'first

---

[3] In *Benitec* and *SanDisk*, both decided in 2007, the Federal Circuit applied the Supreme Court's recent articulation of the case or controversy test for determining declaratory judgment jurisdiction. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (requiring "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

filter means' and 'second filter means' only appear in Claim 14 of the '935 patent that is **no longer asserted** by PPC" (emphasis added).  In its reply to PPC's *Markman* brief, Arcom contends that the Court has continuing jurisdiction over all claims in the patent, citing *Cardinal*.  And in its objection to Magistrate Judge Peebles' Report and Recommendation in this regard, Arcom states:

> While the parties were preparing their proposed claim constructions in preparation for this *Markman* proceeding, PPC informed Arcom's counsel that "PPC will be 'dropping' asserted claims 14-17 of the '935 Patent," even though claim 14, and its related dependent claims, 15-17, were expressly asserted by PPC throughout discovery in this action.... Once Arcom pled its declaratory judgment counterclaim, PPC's mere withdrawal of certain claims as the basis for its infringement allegation is insufficient to limit Arcom's declaratory judgment count for invalidity, unless PPC executes a covenant not to sue Arcom on the withdrawn claims.

Arcom's objection cites to *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1483-84 (Fed.Cir. 1998); *Super Sack Mfg. Corp. v. Chase Packaging Corp*., 57 F.3d 1054, 1058-59 (Fed. Cir. 1995); and *Rates Technology Inc. v. Cablevision Sys. Corp*., 2007 WL 1176732, *5 (E.D.N.Y. Apr. 20, 2007).  In reply to Arcom's objection, PPC maintains its position that the Court need not and should not construe the terms "first filter means" and "second filter means" in Claim14.

PPC's insistence that any justiciable controversy regarding Claim 14 is eliminated, because it "no longer asserts" that claim, is properly viewed in the light of Arcom's citations and other recent case law.  *See, e.g., Benitec*, 495 F.3d at 1347, and *SanDisk Corp.*, 480 F.3d at 1382-83.  On consideration of PPC's position, the parties' other submissions, and the state of the law, this Court deems PPC's statement that it "no longer asserts" Claim 14 as constituting an unconditional promise not to sue Arcom in the future for infringement of Claim 14 with respect to any products previously or currently imported, used, sold, or offered for sale by Arcom.  Accordingly, this Court agrees with Magistrate Judge Peebles that it need not and should not

construe the terms "first filter means"and "second filter means" in Claim14.

### *"Surface mount type" and "surface mounted"*

The claim element "surface mount type" appears only in Claim 3, and "surface mounted" appears only in Claims 18 and 22.  According to PPC, these terms "only appear[] in unasserted Claims 3, 18, and 22."  For the reasons set forth above in connection with the terms "first filter means"and "second filter means" in Claim 14, the Court deems PPC to have promised not to sue Arcom in the future for infringement of Claims 3, 18, and 22 with respect to any products previously or currently imported, used, sold, or offered for sale by Arcom.  Accordingly, this Court agrees with Magistrate Judge Peebles that it need not and should not construe the terms "surface mount type" in Claim 3 and "surface mounted" in Claims 18 and 22.

## CONCLUSION

The other issues raised by the parties lack merit.

It is therefore

ORDERED that the motion (Dkt. No. 192) is decided in accordance herewith; and it is further

ORDERED that, with respect to Claim 14, this Court deems PPC to have made an unconditional promise not to sue Arcom in the future for infringement of Claim 14 with respect to any products previously or currently imported, used, sold, or offered for sale by Arcom, and for this reason the Court does not construe the terms "first filter means"and "second filter means"; and it is further

ORDERED that, with respect to Claims 3, 18, and 22, this Court deems PPC to have promised not to sue Arcom in the future for infringement of Claims 3, 18, and 22 with respect to any products previously or currently imported, used, sold, or offered for sale by Arcom, and for

-10-

this reason the Court does not construe the terms "surface mounted" and "surface mount type"; and it is further

ORDERED that, as modified by the preceding two Ordering paragraphs, the Report and Recommendation of United States Magistrate Judge David E. Peebles (Dkt. No. 212) is approved and adopted in accordance with the Memorandum-Decision and Order herein, and, with the exception set forth in the following Ordering paragraph, the recommended constructions are adopted in full; and it is further

ORDERED that the proposed construction of "return path" on page 79 of the Report and Recommendation is corrected to read as follows: "a range of frequencies used for transmission of signals from a user unit to a centralized unit in a two-way communication system."

IT IS SO ORDERED.

February 5, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge